## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHAEL MATERO,

     Plaintiff,

                          CASE NO.:

vs.

DIGITAL INK AMERICAS, LLC
d/b/a DIGITAL INK, LLC,

     Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MATERO ("Mr. Matero" or "Plaintiff") files suit against the Defendant, DIGITAL INK AMERICAS, LLC d/b/a DIGITAL INK, LLC, a Foreign Limited Liability Company ("DI" or "Defendant"), and alleges as follows:

1.    Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2.    The Court has original jurisdiction over Plaintiff's ADA claims pursuant

to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's ADA claim that it forms part of the same case or controversy.

## VENUE

3.    Venue is proper because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant remotely from his home in Orange County, Florida, where the actions at issue took place.

## PARTIES

4.    At all times material, Plaintiff was a resident of Orange County, Florida.

5.    Plaintiff is protected by the ADA and FCRA because:

      a.    Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

      b.    Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

6.    Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

7.    Plaintiff, on or about April 20, 2020, dual filed a charge of discrimination

with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant.

8.    On or around June 29, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of same.

9.    More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

10.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

11.    All conditions precedent to this action have been satisfied and/or waived.

## <u>GENERAL ALLEGATIONS</u>

12.    Mr. Matero worked for DI as a Business Support Manager from October 7, 2019, until his termination on November 4, 2020

13.    Unfortunately, on October 8, 2020, Mr. Matero suffered a heart attack, and thereafter suffered symptoms of a disability, specifically angina, with related shortness of breath, pain, and lightheadedness.

14.    Mr. Matero stayed in the hospital to treat and address his disability until October 11, 2020.

15.    .  Mr. Matero's treating cardiologist released Mr. Matero to resume working effective October 19, 2020, but with the reasonable, non-burdensome

restriction that Mr. Matero work from home for the time being, to minimize attendant physical strain and mental stress/anxiety.

16.     On November 2, 2020, DI informed Mr. Matero that it had decided to cut his hours in half.

17.     Two days later, on November 4, 2020, DI informed Mr. Matero that it had terminated his employment, effective immediately.

18.     DI did not offer any kind of cogent reason for taking this extreme adverse employment action against Mr. Matero.

19.     It is clear that DI terminated Mr. Matero's employment because he suffered a disability, and because he required and requested reasonable accommodations for same.

20.     At all times material hereto, Plaintiff had a recorded physical impairment, and Plaintiff could perform the essential functions of his job with or without an accommodation by Defendant.

21.     Plaintiff was a "qualified individual with a disability" within the meaning of the ADA/FCRA.

22.     Plaintiff is an individual who, with minimal accommodation, i.e. occasional time to seek medical treatment for his disability and/or working from home, was fully capable of performing the essential functions of his job.

23.     Despite the availability of a reasonable accommodation under the ADA

and FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing his assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

24.    Defendant treated Plaintiff differently because of his disability and his need for reasonable, non-burdensome accommodation.

25.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

26.    Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

27.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

28.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

29.    Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

30.    Defendant does not have a non-discriminatory rationale for terminating

Plaintiff's employment.

## COUNT I:
## DISABILITY DISCRIMINATION UNDER THE ADA

31.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-8, and 10-30 as if fully set forth in this Count.

32.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

33.     The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

34.     The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

35.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

36.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

37.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II:
## DISABILITY DISCRIMINATION UNDER THE FCRA

38.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-7, 9-30, as if fully set forth in this Count.

39.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

40.     The discrimination to which Plaintiff was subjected was based on his disability or "perceived disability."

41.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive

damages against Defendant, to deter it, and others, from such conduct in the future.

43.     Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

44.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 6th day of September 2022.

Respectfully submitted,

*<u>/s Noah E. Storch</u>*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Attorneys for Plaintiff*