# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL MATERO,

      Plaintiff,

v.   Case No:   6:22-cv-1606-CEM-LHP

DIGITAL INK AMERICAS LLC,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S RENEWED MOTION FOR CLERK'S DEFAULT AGAINST DEFENDANT, DIGITAL INK AMERICAS, LLC AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 16)
>
> **FILED:** March 13, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Before the Court is Plaintiff's renewed[1] motion for Clerk's default against Defendant. Doc. No. 16. In support, Plaintiff states that Defendant was "properly served with a summons and a copy of the Complaint" on February 9, 2023. *Id.* ¶ 8. The return of service demonstrates that service was effected on February 9, 2023 by serving "Rose Garcia Office Manager." Doc. No. 13. Thus, Plaintiff says that he "properly served Defendant by delivering a copy of the summons and of the complaint to the managing or general agent at Defendant's principal and mailing address registered with the Division of Corporations for the State of Florida," in compliance with Federal Rule of Civil Procedure 4(h)(1)(B). Doc. No. 16, at 3.[2]

Upon review, Plaintiff has not demonstrated that service of process was proper. Federal Rule of Civil Procedure 4(h)(1)(B) provides that service of process on a business association may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff provides no legal authority demonstrating that service

---

[1] The Court denied Plaintiff's first motion for Clerk's default against Defendant without prejudice for failure to comply with Local Rule 3.01(a) and address whether service of process on Defendant was proper. Doc. Nos. 14–15.

[2] Notably, despite Plaintiff's contention that service was effected at Defendant's principal address, *see* Doc. No. 16, the return of service does not state the address at which service was effected, *see* Doc. No. 13.

on "Rose Garcia Office Manager" would suffice under Rule 4(h)(1)(B). *Cf. Hess Corp. v. Fla.-Georgia Trucking, Inc.*, No. 3:08-cv-883-J-34TEM, 2009 WL 248236, at *2 (M.D. Fla. Jan. 30, 2009) ("Even if it is assumed, in arguendo, that Mr. Walton was employed by Defendant, his position as office manager does not fit in any of the categories prescribed by Fed. R. Civ. P. 4(h)(1)(B)."). *Cf. also Cohan v. Cape Canaveral Foods Grp. LLC,* No. 6:21-cv-1801-ACC-GJK, 2022 WL 1289336, at *2 (M.D. Fla. Apr. 29, 2022) (vacating Clerk's default where failure to demonstrate that service of process on office manager of LLC defendant was sufficient to comply with Florida law, Fla. Stat. § 48.062); *Vibe Ener v. Duckenfield*, No. 20-CV-22886-UU, 2020 WL 6373419, at *7 (S.D. Fla. Sept. 29, 2020) (service of process on an office manager of LLC insufficient under both federal and Florida law).

Accordingly, Plaintiff's Motion (Doc. No. 16) is **DENIED without prejudice**. A renewed motion, which shall be filed on or before **March 28, 2023**, must establish, with citation to applicable legal authority, that service of process on Defendant was proper under governing law.

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 4 -

Counsel of Record
Unrepresented Parties