**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL MATERO,

    Plaintiff,

v.                                                  Case No:   6:22-cv-1606-CEM-LHP

DIGITAL INK AMERICAS LLC,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S RENEWED MOTION FOR CLERK'S DEFAULT AGAINST DEFENDANT, DIGITAL INK AMERICAS, LLC AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 19)
>
> **FILED:** March 28, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Before the Court is Plaintiff's third motion for Clerk's default against Defendant. Doc. No. 19. In all three motions, Plaintiff has attempted to demonstrate effective service of process on Defendant by serving "Rose Garcia

Office Manager." Doc. Nos. 14, 16, 19. The Court denied Plaintiff's previous requests for Clerk's default for failure to demonstrate that service was proper. Doc. Nos. 15, 17.

Now, Plaintiff renews its motion, raising effectively the same arguments as before, with an amended return of service rectifying one deficiency with regard to the address at which service was purportedly effected. Doc. Nos. 18, 19. Upon review, Plaintiff's motion is due to be denied.

Plaintiff relies on Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1), and Fla. Stat. § 48.062 to argue that service of process was proper. Doc. No. 19, at 3. According to the motion, the process server attempted to serve Defendant's registered agent with reasonable diligence, but could not effect service at the registered agent's address because it belongs to a UPS Store. *Id.* at 4. So, service was to be made on the title manager at 109 East 17 St. Suite 63 in Cheyenne, Wyoming (Defendant's principal and mailing address), but the authorized person could not be located, and therefore "Rose Garcia Office Manager" was properly served as the "person in charge." *Id.* at 4–5.

Upon review, however, the proof of service does not support these statements, in that it does not state that the process server attempted to serve the authorized person, could not locate such authorized person, and thus, served "Rose Garcia Office Manager" as the "person in charge." *See* Doc. No. 18. *See also* Doc.

- 2 -

No. 19-1.  And even if it did, Plaintiff's third motion once again does not demonstrate that service on "Rose Garcia Office Manager" in any event would be proper under governing law.  Plaintiff makes only a conclusory assertion that because the authorized person could not be served, service was properly made on the office manager, and that, under Rule 4(h), "Plaintiff properly served Defendant by delivering a copy of the summons and of the complaint to the managing or general agent's mailing address registered with the Division of Corporations for the State of Florida."  Doc. No. 19, at 4.  Plaintiff goes on to state that "after making diligent efforts to serve Defendant's registered agent and manager, Plaintiff effectuated proper service by serving the complaint and summons to the person in charge of the LLC, Rose Garcia, during regular business hours," with no legal authority in support.  *Id.* at 4–5.

Federal Rule of Civil Procedure 4(h)(1)(B) provides that service of process on a business association may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or by complying with state law.  Fed. R. Civ. P. 4(h)(1).  Fla. Stat. § 48.062, in turn provides, in relevant part:

> (2) A domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent designated by the domestic

> limited liability company or registered foreign limited liability company under chapter 605.
>
> (3) If service cannot be made on a registered agent of the domestic limited liability company or registered foreign limited liability company because the domestic limited liability company or registered foreign limited liability company ceases to have a registered agent, or if the registered agent of the domestic limited liability company or registered foreign limited liability company cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter or chapter 605, the process may be served on any of the following:
>
> (a) Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b) Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
>
> (c) Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(2)–(3).

Plaintiff's motion fails to demonstrate that service of process on "Rose Garcia Office Manager" was sufficient to demonstrate proper service on Defendant under either Rule 4(h) or Fla. Stat. § 48.062. Indeed, the only case Plaintiff cites in support found that service of process on an office manager was insufficient under both Florida and federal law. *See Cohan v. Cape Canaveral Foods Grp. LLC*, No. 6:21-cv-

- 4 -

1801-ACC-GJK, 2022 WL 1289336, at *2 (M.D. Fla. Apr. 29, 2022).[1]  Accordingly, for the same reasons previously explained to Plaintiff, *see* Doc. No. 17, Plaintiff's third request for Clerk's default (Doc. No. 19) is **DENIED without prejudice**.

Plaintiff will be given one final opportunity to demonstrate that service of process was proper under either federal or Florida law.  On or before **April 17, 2023**, Plaintiff shall file a renewed motion for Clerk's default demonstrating, with citation to relevant legal authority, that service of process on Defendant was proper.  Otherwise, Plaintiff shall show cause by that date why the case should not be dismissed for failure to timely perfect service.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] The Court notes that the proof of service states that "Rose Garcia Office Manager" is "designated by law to accept service of process," but Plaintiff does not address this in the motion, nor is it apparent that "Rose Garcia Office Manager" is designated by law to accept service based on review of the information for Defendant on the website for Florida's Division of Corporations, which identifies only the registered agent and title manager, neither of whom are listed as "Rose Garcia."  *Available at* https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by entering "Digital Ink Americas LLC" into the entity named field.

- 5 -

- 6 -

Unrepresented Parties