**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL MATERO,

        Plaintiff,

v.                                                                    Case No:   6:22-cv-1606-CEM-LHP

DIGITAL INK AMERICAS LLC,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **PLAINTIFF'S SECOND RENEWED MOTION FOR CLERK'S DEFAULT AGAINST DEFENDANT, DIGITAL INK AMERICAS, LLC AND INCORPORATED MEMORANDUM OF LAW OR IN THE ALTERNATIVE MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT (Doc. No. 22)**
>
> **FILED:**    **April 17, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Before the Court is Plaintiff's fourth motion for Clerk's default against Defendant.   Doc. No. 22.   Like all of his prior motions, by the present motion, Plaintiff attempts to demonstrate effective service of process on Defendant by serving "Rose Garcia Office Manager" at Defendant's principal address.   *Compare* Doc. No. 22, *with* Doc. Nos. 14, 16, 19.   But once again, Plaintiff fails to demonstrate with citation to any legal authority how service of process on "Rose Garcia Office Manager" was sufficient to effect service on Defendant under governing law.   Doc. No. 22.   Thus, to the extent Plaintiff once again seeks Clerk's default on this basis, the motion (Doc. No. 22) is **DENIED** for the same reasons previously set forth by the Court.   *See* Doc. Nos. 17, 20 (and cases cited therein).

Plaintiff alternatively requests a thirty-day extension of time to effect service. Doc. No. 22, at 3, 6–8.   Upon consideration, the Court finds this request well taken, for the most part.[1]   *See* Fed. R. Civ. P. 4(m).   Thus, the deadline for Plaintiff to effect proper service on Defendant and to file proof thereof, *see* Doc. No. 12, is

---

[1] In the motion, Plaintiff makes a specific request for "an additional thirty days to serve the Defendant through substitute service by leaving a copy of the complaint and summons with an employee of the UPS store being used by Defendant's registered agent's address. *See* § 48.031(6), Fla. Stat."   Doc. No. 22, at 3.   However, although the Court will permit an extension of time to effect service, the Court will not approve a specific method for doing so at this time, and counsel for Plaintiff ***must comply with governing law to effect proper service.***

extended up to and including **May 24, 2023**.   Failure to file proof of service by that

deadline may result in a recommendation that the case be dismissed without

prejudice without further notice.

      **DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties